## In re INSURANCE SERVICES OFFICE, INC., and Travelers Indemnity Co.

[537 A.2d 134]

No. 87-301

October 7, 1987. Petitioner's motion to stay the administrative order of the Commissioner of Banking and Insurance is denied.

In order to prevail on a motion to stay, the moving party must demonstrate: (1) that the party seeking the stay is likely to succeed on the merits; (2) that such party will suffer irreparable injury if the stay is not granted; (3) that the issuance of a stay will not substantially harm other parties; and (4) that the best interests of the public will be served by the issuance of the stay. *In re Allied Power & Light Co.*, 132 Vt. 554, 556, 326 A.2d 160, 162 (1974).

The responsibility for deciding a stay in matters such as the present case rests "principally, as well as initially" with the Commissioner. Cf. *id.* at 555, 326 A.2d at 161. "The function of the Supreme Court, or a Justice of it, in passing upon a motion for a stay, is not to second-guess the [Commissioner], but to act in opposition only when the action of the [Commissioner] cannot be supported, or in cases where intervening events call into question the advisability of [the determination] under the changed circumstances." *Id.* at 555-56, 326 A.2d at 161.

The order of Commissioner Babcock denying a stay in this matter, dated August 10, 1987, indicates that she conducted an extensive analysis of the record in light of the *Allied Power* criteria. Thus, in the current case there appears no abuse of discretion by the Commissioner, and this Court will not disturb her order.

Moreover, 8 V.S.A. § 4689(c)(3) provides a statutory mechanism for the balancing of the various interests involved in rate setting determinations. A grant of a stay in this matter would render meaningless the legislative mandate embodied in the interim rate setting authority of the Commissioner.