**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeal of Sime                 }
                                      }
                                      }       Docket No. 58-4-04 Vtec
                                      }
                                      }

<u>Decision and Order on Motion for Stay</u>

Appellants David A. Sime and Vicki S. Sime appealed from a decision of the Zoning Board of Adjustment (ZBA) of the City of Rutland, ruling that their attempt to obtain and then to appeal a Zoning Administrator= s ruling regarding whether Appellee OTT Rutland= s project required subdivision approval was out of time.

Appellant David A. Sime is an attorney who represents himself and his wife Vicki S. Sime in this matter; the City is represented by Henry C. Brislin, Esq.; and Appellee OTT Rutland, LLC is represented by James P.W. Goss, Esq. This appeal was filed at the Court on April 6, 2004; just before the close of business on Friday, April 30, 2004, Appellants filed their Statement of Questions on appeal, together with a motion to stay the ongoing construction of the project. Because of the apparent urgency of the motion for stay, the Court immediately scheduled an in-person pre-trial conference in Rutland on May 7, 2004. At the conference, the Court determined that the demolition stage of the project had already occurred, established a schedule for filings regarding the motion to stay, and discussed the extent to which the other issues in the case could be presented to the Court by summary judgment or other appropriate motions. Appellee and the City have responded to the motion to stay; and Appellants have filed their reply. Appellee has also filed a motion to dismiss and for summary judgment.

The Statement of Questions reflects a number of purported challenges to a zoning bylaw amendment in October of 2003, as well as the underlying question posed by Appellants to the Zoning Administrator by their February 17, 2004 letter as to whether the project required a subdivision permit as well as a zoning or building permit.

The project at issue in the present appeal is proposed for an L-shaped parcel of land formed by the merger of eight former small parcels of land, seven of which formerly contained houses and one of which was used for a parking lot. The parcel wraps around an unrelated corner lot (in use as a gas station and convenience store) at the intersection of two major regional roadways: Woodstock Avenue (Route 4) and Route 7 (North Main Street). The project parcel has frontage on the south side of Woodstock Avenue (Route 4), on the east side Route 7 (North Main Street) and on a smaller street, Norton Place, leading off Route 7 to the south of its intersection with Woodstock Avenue. Appellants live on the north side of Woodstock Avenue, across from and slightly to the east of the project parcel.

The project proposes to construct a single building, with its associated site work, including parking, driveways, landscaping, lighting and signage, to house a commercial retail pharmacy use. The project parcel is located in a A Business B@ zoning district (rezoned in October 2003 from a "Residential B" zoning district), in which this use is a permitted use not requiring prior Zoning Board of Adjustment review.

By the time of the filing of the motion for stay, all of the former residential buildings had been removed from the site. By the time of the May 7, 2004, pretrial conference, site work and construction of the project was ongoing.

This is a motion for stay under V.R.C.P. 74(c) pending de novo review in the trial court, although technically Appellants are not seeking a stay of the ZBA= s decision, but rather are seeking to stop construction until the question of whether the project needs a subdivision permit can be resolved by the Court. In any event, the Court has jurisdiction under that rule to enter an order preserving the rights of the parties upon such terms and conditions as are just. To prevail on a motion for stay under V.R.C.P. 74(c), the moving party must demonstrate all four of the following factors: a strong likelihood of success on the merits; irreparable injury if the stay is not granted; that the stay will not substantially harm other parties; and that the stay will serve the best interests of the public. In re Insurance Services Office, Inc., 148 Vt. 634, 635 (1987) (mem.); In re Allied Power and Light, 132 Vt. 554, 556 (1974).

If the motion to stay is denied, the parties have agreed to a schedule that would put the legal issues that constitute the merits of this appeal under advisement with the Court in approximately one month. Therefore the motion to stay construction must be examined in light of the harm that may occur within that time frame.

We do not consider the harm that has already occurred due to the demolition of the houses. That harm may be irreparable, but it occurred before the motion for stay was filed in this Court.

We do not consider the harm that may occur from the completed project unless that harm is irreparable. That harm is not irreparable. In the event that a subdivision permit is determined to be required for this project, construction could be stopped or occupancy and use of the project could be suspended until the permit is applied for and ruled on. In the event that a subdivision permit is determined to be required and is ultimately denied, all of the adverse effects on Appellants that may be threatened by the traffic, lighting and appearance of the project could be avoided by requiring all or part of the project to be dismantled. Appellee is now constructing at its own risk that it may have to tear down some part of the project and/or restore some part of the property.

The harm to Appellants during the coming month of construction is limited to the temporary disruption of the relative peace and quiet of the neighborhood due to the ongoing construction activities on the property.

On the other hand, a stay would cause substantial financial harm to Appellee, given the costs of construction and Appellee= s contract obligations. If a stay were to be granted, the Court would have to consider whether a bond should be required to compensate Appellee in the event that a subdivision permit is not required for this project and a challenge to the October 2003 rezoning cannot be made in this forum at this time.

Appellants have not shown that a stay of construction during the next month will serve the best interests of the public. Even assuming that they are correct that the project does not carry out the City= s plan for this intersection, or that the project will exacerbate the traffic problems at or near that intersection, these are problems with the project if it is completed and allowed to operate, not problems due to allowing construction to continue during the next month.

Finally, Appellants= likelihood of success on the merits is high on some issues but not on others. Appellants= likelihood of success on the merits is high on the issue of whether they can bring the issue of whether the project requires a subdivision permit before this Court, rather than being foreclosed from doing so because they did not appeal the November 2003 zoning permit. However, Appellants= likelihood of success on the merits is not high on the issue of whether the project needs a subdivision permit or on the issue of whether the City= s actions in the October 2003 rezoning can be brought before this Court at this time.

To succeed on the merits of whether the project requires a subdivision permit, Appellants must show that it falls within the definition of A subdivision@ in the Rutland subdivision ordinance and that the ordinance does not exceed the scope of the enabling statute, 24 V.S.A. ' 4401(b)(2). We examine the subsections of the definition of A subdivision.@ The project does not involve the division of a parcel of land; rather, it involves a single parcel of land. The fact that the project parcel was created by merging eight smaller parcels does not appear to bring it within the definition of subdivision in the Rutland ordinance. Without determining whether the second subsection is completely within the scope of the enabling statute, that subsection defines by example of multiple-unit or multiple-building developments on a single parcel of land, such as condominiums, planned unit developments or planned residential developments, or commercial or industrial complexes. The project proposes a single retail commercial building on a single parcel of land, which does not appear to fall within the examples of the second prong of the definition of A subdivision@ in the Rutland ordinance.

To succeed on the merits of their challenge in this Court to the way the project area was rezoned in October 2003 from Residential B to Business B, Appellants will first have to show that the adoption of a zoning amendment by the legislative body of the municipality can be challenged in court at all, and in this court in particular. The process provided by state statute for the preparation, adoption, amendment or repeal of zoning bylaws is found in 24 V.S.A. ' ' 4403 and 4404 as they currently exist[1].

A proposed amendment to a zoning bylaw may be prepared by the planning commission, ' 4403(a), or by any other person or body and submitted to the planning commission. ' 4403(b). If the proposed amendment is supported by a petition of at least five percent of the voters of the municipality, then the planning commission is obligated to proceed under ' 4403(c) through (f) without making any changes other than technical changes; otherwise it has discretion as to whether to proceed to submit the proposal to the municipality= s legislative body. See In re Cottrell, 158 Vt. 500, 503 (1992). When considering a bylaw amendment involving a proposal to alter the zoning designation of any land area, ' 4403(c) states that the planning commission should prepare a report that should cover five criteria listed in the statute. After holding a public hearing after public notice on the proposed bylaw amendment, and taking comments, the planning commission may revise the proposed bylaw amendment and its written report before submitting them to the legislative body of the municipality for its action to adopt or reject under the political process of the municipality under ' 4404. That section contains a process (in ' 4404(f) or (*i*)) for a petition of five percent of the voters to warn a special municipal meeting to consider such a bylaw or amendment if it is not acted upon. No specific appeals process equivalent to 24 V.S.A. ' 4471 appears in the statute as a means to obtain court review of a municipality= s political process under these two sections, or of a Planning Commission= s failure to follow the statutory procedure before forwarding a proposed zoning change to the municipality= s legislative body. If it can be challenged under V.R.C.P. 75, then that challenge must be filed in Superior Court under that rule.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants= Motion for Stay of Construction is DENIED, without prejudice to its renewal if warranted after the motions for summary judgment are ruled on by the Court. Appellants= response to Appellee= s Motion to Dismiss and for Summary Judgment shall be filed so that it is postmarked to the Court but received by the other parties on or before June 16, 2004; any replies to those filings shall be filed so that they are received by the Court on or before June 22, 2004. Appellee proceeds with construction at its own risk.

Done at Barre, Vermont, this 19th day of May, 2004.

_____
Merideth Wright
Environmental Judge

---

## Footnotes

[1.]   24 V.S.A. Chapter 117 has been substantially amended in this legislative session in the so-called Permit Reform bill, H. 175.