Merchant v. A&C Enercom, No. S0965-04 CnC (Norton, J., Dec. 9, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]


STATE OF VERMONT                                    SUPERIOR COURT
Chittenden County, ss.:                           Docket No.S0965-04 CnC


MERCHANT

v.

A & C ENERCOM


ENTRY


Employer A & C Enercom appeals the Commissioner of Labor and Industry's decision to order employer to pay permanency benefits with interest plus attorney's fee to employee Daniel Merchant. Employer also appeals, pursuant to V.R.C.P. 74(c), the Commissioner's partial denial of its motion for a stay of the benefits award.

Employer also seeks to consolidate its appeal with a separate action filed by its workers' compensation insurer to resolve a claim for money received by employee from his own underinsured motorist recovery policy.

See V.R.C.P. 42(a); North River Insurance Co., v. Daniel Merchant, et al., Docket No. S0828-03 CnC.  For the reasons stated below, employer's motions to stay and to consolidate are denied.

## MOTION TO STAY

An appeal from a Workers' Compensation decision does not automatically result in a stay of that decision.  V.R.C.P. 74(c); 21 V.S.A. § 607.  A court may, however, grant or overturn a stay on specific statutory or equitable grounds.  Under the workers' compensation statute, when a party files a notice of appeal of the decision, the party may also request a stay from the Commissioner.  21 V.S.A. § 675(b).  The Commissioner's response to such a request becomes part of the record on appeal.  Id.  This decision may be reviewed by the superior court, but any such review requires deference to the Commissioner's determinations and will not be reversed short of an abuse of discretion.  V.R.C.P. 74(c); Wood v. Fletcher Allen Health Care, 169 Vt. 419, 422 (1999) ("The Commissioner's decision is presumed valid, to be overturned only if there is a clear showing to the contrary.").  On equitable grounds, the court may also issue or deny a stay as "necessary to preserve the rights of the parties upon such terms and conditions as are just."  V.R.C.P. 74(c); 3 V.S.A. § 815(a).

Under either basis for review, the Supreme Court has adopted four factors to evaluate such motions to stay agency decisions.  In re Ins. Servs. Office, Inc., 148 Vt. 634, 635 (1987) (mem.).  The moving party must show: (1) a likelihood of succeeding on the merits; (2) irreparable injury if a stay is not granted; (3) that issuance of a stay would not substantially harm other parties; and (4) that a stay would serve the best interests of the public.  Id.  The moving party has the burden of demonstrating that its motion satisfies each of these factors.  See Gilbert v. Gilbert, 163 Vt. 549, 560 (1995).

In this case, the Commissioner used the factors to grant a partial stay for employer. First, he found that the novel legal issues raised by employer had raised some chance of success on appeal. Second, he found that the evidence was inconclusive as to whether employer or employee would suffer any harm either way. Finally, he found that public interests would be best served by a partial stay that would balance the results. Thus, the Commissioner concluded that the award of pre-judgment interest should be stayed but not the 3% permanency benefits or attorney's fees. Mindful of these findings, the court finds that employer has failed to meet its burden in regards to the factors and therefore denies the motion.

On appeal, employer present no additional arguments that change the Commissioner's findings regarding its chance of winning on appeal. The novel legal question concerning an employer's right to withhold a permanency award based on liens held for a separate personal injury award may raise employer's odds of wining its appeal above the normal workers' compensation appeal, but there is no further reason to conclude that employer is any more likely to succeed. Employer introduces no new case law or jurisprudential analysis that would cause this court to question or re-evaluate the Commissioner's initial findings. The separate litigation concerning employer's subrogation claims, which may affect the substantive disposition of this case, has likewise not been resolved or advanced. Employer has also not challenged or disputed the critical findings of the Commissioner that employee was in fact permanently injured to at least a rating of 3%. As 21 V.S.A. § 648 states, notwithstanding employer's legal theories, this undisputed fact requires immediate compensation.

As to the second factor, employer maintains its position that it would be unable to recover payment to employee in the event that it won on the merits. This argument is less than persuasive since it could be raised by every workers' compensation defendant. The idea of "irreparable harm"

must go beyond a common problem and must include at least some evidence of fiscal hardship or substantial loss to be supportable. To the extent that there is a chance of harm, the Commissioner's partial stay addresses those concerns.

Similarly, the final two factors regarding employer's potential harm and public policy are satisfied by the partial stay. To the extent that employer's arguments raise viable contentions, they do not demonstrate how the Commissioner's decision violates the underlying principles or creates a result that does not support either the statutory concerns for employee or the public policy that must balance any result. To the extent that this action may come to resemble more of an insurance subrogation claim, there has been a partial stay. To the extent that it remains a workers' compensation issue, the stay has been denied. In conclusion, employer's arguments fail to persuade that the Commissioner's decision regarding the stay violate any of the four factors or require an equitable alteration.

## MOTION TO CONSOLIDATE

Rule 42(a) provides that two actions may only be consolidated with the consent of the parties. V.R.C.P. 42(a) rep. n. ("full consolidation might be had only with the consent of the parties."); see also Mobbs v. Cent. Vt. Ry., 155 Vt. 210, 215 n.2 (1990) (explaining a distinction between the use of the term "consolidation" in federal and Vermont practice). In this case, employee has filed an opposition to employer's motion to consolidate, and consent is clearly absent among the parties.

Rule 42 also allows a court broad discretion to order a joint hearing or trial for "actions involving a common question of law or fact pending" without the consent of the parties. V.R.C.P. 42(a); Mobbs, 155 Vt. at 215. Here, employer seeks to consolidate with North River Insurance Co., v. Daniel Merchant, et al., a case currently stayed by the parties' mutual

agreement while the Vermont Supreme Court decides another case on the same issue. In the <u>North River</u> case, the issue is whether the employer has a right under 21 V.S.A. § 624(e) to employee's underinsured motorist settlement. The narrow issue in this case is whether employee should receive the 3% permanency benefits for which he is eligible and which there is statutory language compelling its payment. The two cases are distinct legally and factually. While any recovery decided in this case will no doubt be reflected in employer's claim against employee's underinsured motorist settlement, neither that case nor this one will benefit from consolidation. Employer's primary motivation for consolidation, to prevent any possible overpayments, is not enough to justify the intermingling of two separate areas of the law and two essentially separate fact scenarios. The court finds it to be an inappropriate at this time to order any joint hearings.

Accordingly, employer A & C Enercom's motions to stay and to consolidate are denied.

Dated at Burlington, Vermont this ___ day of December, 2004.

_____
Judge