STATE OF VERMONT

ENVIRONMENTAL COURT

| | | |
|---|---|---|
| | } | |
| In re Champlain College, Inc. | } | |
| 304-306 Maple Street Dormitory Project | } | Docket No. 145-7-05 Vtec |
| (Appeal of Baker, et al.) | } | |
| | } | |

Decision and Order on Motion for Stay Pending Appeal to Vermont Supreme Court

Appellants Faye Baker, et al., are a group of eleven Burlington residents who asserted standing pursuant to 24 V.S.A. §4465(b)(4) in their appeal to this Court from a decision of the Development Review Board (DRB) of the City of Burlington, approving the application of Champlain College to renovate an existing building and construct a new building at 304-306 Maple Street for student housing consisting of a total of 49 student rooms plus a head resident's apartment. Appellants are represented by Todd D. Schlossberg, Esq.; Appellee-Applicant Champlain College, Inc. is represented by Mark G. Hall, Esq.; and the City of Burlington is represented by Kimberlee J. Sturtevant, Esq.

This Court issued a Decision and Order on March 20, 2007 on the merits of the application, approving it subject to the conditions that had been imposed in the DRB's decision (as amended by the settlement agreement between Applicant and the City regarding the issues not raised in Questions 1, 4, 5, 6, 7, and 9 of the Appellants' Amended Statement of Questions) (Exhibit 2), and subject to an additional condition imposed by the Court. The additional condition required that the College submit to the DRB for its approval the College's Institutional Parking Plan (the College's section of the Joint Institutional Parking Plan) as modified to address at least the matters discussed in the section of the Court's decision relating to parking, demonstrating compliance with the criteria in §10.2.2 of the Zoning Ordinance. The Institutional Parking Plan would have to be approved before a Certificate of Occupancy could be issued allowing the use of the

1

buildings.

On April 10, 2007, Appellants filed a Motion for Immediate Stay Pending Appeal, citing V.R.E.C.P. 5(e), although at that time no appeal had yet been filed. Appellee filed a response and the Court held a telephone hearing on the motion on April 13, 2007; at that hearing Appellants' attorney stated that the appeal was expected to be filed in a few days. Site work had begun on the project. The appeal was filed today, April 17, 2007.

V.R.A.P. 8, not V.R.E.C.P.(e),[1] governs this Court's disposition of the motion to stay. Appellate Rule 8(a) provides that a stay "pending appeal" must be sought in the first instance in the trial court. If the trial court denies it, the stay can then be sought in the Supreme Court. Although the rule is not technically applicable until an appeal has been filed, as construction has commenced, to avoid further delay the Court held a hearing on the motion as if an appeal would be filed.

Appellants obtained standing in this matter as a group, pursuant to 24 V.S.A. §4465(b)(4), which requires at least ten persons. Appellee now argues that until or unless Appellants confirm that at least ten of them wish to proceed with an appeal of this Court's decision to the Vermont Supreme Court, they will not have maintained standing under §4465(b)(4) even to file an appeal. The Notice of Appeal lists all eleven members of the group; Appellee will be free to challenge the continuing party status of the appellant group before the Vermont Supreme Court.

To obtain a stay under V.R.A.P. 8(a), the moving party must show all four of the following criteria: a likelihood of "success on the merits;" that it "will suffer irreparable injury if the stay is not granted;" that the issuance of a stay "will not substantially harm other parties;" and that the "best interests of the public will be served" by issuance of the

---

[1] Appellants have cited V.R.E.C.P. 5(e) as governing authority; however, this rule concerns appeals taken <u>to</u> this Court, as provided in 10 V.S.A. §8504(f), as opposed to appeals <u>from</u> decisions of this Court under 10 V.S.A. §8505. As no automatic stay is provided, V.R.A.P. 8(a) applies.

stay.  <u>In re Ins. Servs. Office</u>, 148 Vt. 634, 635 (1987) (mem.) (citing <u>In re Allied Power &</u> <u>Light Co.</u>, 132 Vt. 554, 556 (1974)).  Appellants bear the burden of proving all four elements. V.R.A.P. 8(a).

Appellants have not shown that they will suffer irreparable injury if the stay is not granted and the site work and building construction proceeds.  On all but one of the issues raised in their appeal, it is the occupancy and use of the building, not its construction, that their appeal issues address.  No irreparable injury will result if construction proceeds during the appeal on any of those issues.

The remaining issue is the required width of the northerly setback for the building, where it adjoins city-owned property at the Edmunds school playing fields.  Appellee of course constructs at its own risk during any appeal.  That is, Appellee bears the risk that the DRB's and this Court's interpretation of the Zoning Ordinance may be ruled to be incorrect, and bears the risk of whether it could acquire additional land from the City if necessary to provide a larger setback on the north side of the building.

Appellants argue that they will be deprived of the opportunity for meaningful review if a stay is not granted.  To the extent that Appellants' concerns focus on the separate requirement that the DRB approve the changes to Appellee's Institutional Parking Plan under §10.2.2 of the Zoning Ordinance, if that DRB action has even occurred to date, there is no indication that Appellants have been deprived of any opportunity for meaningful participation in or review of that DRB action.

On the other hand, Appellee has shown that the issuance of a stay of site work and construction would substantially harm it.  In this analysis, the Court has not considered the revenue that Appellee expects from occupancy of the building, but has only considered the costs of construction financing and construction contract delay.

Finally, Appellants have not demonstrated the likelihood of success on the merits of their appeal, nor that the best interests of the public will be served by the issuance of a

stay.  <u>In re Ins. Servs. Office</u>, 148 Vt. at 635.


Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants' Motion for Stay pending appeal is DENIED.


Dated at Berlin, Vermont, this 17th day of April, 2007.


_____

Merideth Wright
Environmental Judge