# In re Petition of Allied Power and Light Company, et al.

[326 A.2d 160]

No. 164-74

Present: **Barney, C.J.**

Opinion Filed September 26, 1974

*Donald L. Rushford, Esq.,* Rutland, for Allied Power and Light Company.

*Paul, Frank & Collins,* Burlington, for Green Mountain Power Company.

*Joseph C. McNeil, Esq.,* Burlington, for Burlington Electric Light Department.

*Joseph C. Palmisano, Esq.,* Barre, for Washington Electric Co-operative, Inc.

*Paterson, Gibson, Noble & Brownell,* Montpelier, for Electric Departments of the Villages of Hardwick, Lyndonville and Morrisville.

*Thomas L. Hayes, Esq.,* Burlington, for the Public.

*Mary Just Skinner, Esq.,* Vermont Legal Aid, Inc., Montpelier, for Vermont Welfare Rights Organization.

*Chester S. Ketcham, Esq.,* Middlebury, for Ratepayers of Burlington Electric Light Department and Vermont Electric Cooperative, Inc.

**Barney, C.J.** A hearing was held on September 11, 1974, before the undersigned Justice of the Supreme Court with respect to a motion to stay an order of the Public Service Board authorizing the immediate implementation of certain claimed rate increases in the above-captioned case. The matter presently stands for review before the Supreme Court, and the motion is stated to be grounded on the authority of 3 V.S.A. § 815, 30 V.S.A. § 14, and V.R.A.P. 8. Consistent with the appellate nature of the forum, no testimony was taken, but briefs were filed and argument had, supplemented by submission of relevant portions of the record below and transcripts of testimony as well by factual matter advanced by affidavits.

Since this matter involves the stay of a Public Service Board order, the primary authority for the hearing on this motion is 30 V.S.A. § 14, calling for a decision on suspension of the order "as justice and equity require." This statutory injunction is construed to mean that the responsibility for deciding upon the advisability of a stay is principally, as well as initially, in the Board. 30 V.S.A. § 12. The function of the Supreme Court, or a Justice of it, in passing upon a motion for a stay, is not to second-guess the Board, but to act in opposition only when the action of the Board cannot be supported, or in cases where intervening events call into question the advisability of a stay under the changed

circumstances. In the latter case, better practice might dictate that the matter of a stay be remanded to the Board for reconsideration. The issue of a stay ought not to be treated by the Board as a matter for routine reconsideration by the Supreme Court under 3 V.S.A. § 14, but rather should view it as an obligatory concern of the Board which will be altered or amended only upon the demonstration of shortcomings amounting to injustice or inequity. *Petition of Green Mountain Power Corp.*, 131 Vt. 284, 290–91, 305 A.2d 571 (1973).

The motion presently under consideration rests its challenge to the Public Service Board's failure to stay its order, not on the basis of any disputed factual question, but on issues related to the legal sufficiency of the Board's decision, and upon facts related to the circumstances of certain of the appellants which, it is asserted, should not have been ignored or overlooked by the Board. These facts relate to the effect upon welfare recipients of the ordered rate increases.

On the legal issues, appellants argue the considerations said to be significant in *Virginia Petroleum Jobbers Association* v. *Federal Power Commission*, 259 F.2d 921, 925 (D.C. Cir. 1958). They are stated to be: (1) likelihood of success of the appealing party on the merits; (2) whether the party seeking the stay will suffer irreparable injury if the stay is not granted; (3) whether issuance of a stay will substantially harm other parties; and (4) the location of the best interests of the public. All of these are helpful generalizations, but contain some inherent difficulties. Full consideration of the issue of likelihood to prevail on appeal is apt to generate a full consideration of all the issues raised on appeal in the context of an interlocutory motion. This raises the unfortunate choice of either duplication of full argument of the substance of the appeal or cursory and inadequate presentation of those issues for motion purposes. It seems sounder to assign to that test a standard, for motion purposes, which brings it into play as a test only when the basis for the ruling in favor or against the stay below is so tenuous that its invalidity is suggested on the face of the matter, or the order smacks of bad faith or frivolousness. Otherwise, the parties are faced with costly duplication of effort and uncertainty with respect to interim application of the order.

The other criteria are all certainly of high concern in the decision with respect to staying the order. The record presented, including the findings and orders of the Public Service Board and the affidavits filed, were taken into account in passing upon the relief sought.

■ The appealing parties, in arguing the injury to themselves by way of increased utility expense, also suggest that the strain on welfare recipient budgets should be weighed. This argument transfers from appropriate welfare agencies to the utilities the burden of adequate support. This is not the proper function of utilities. The burden of welfare costs is distributed by taxation, and cannot be specially assigned to an obligation to be assumed by a public utility.

With respect to the relative burden as between ratepayers and utilities in this case, the evidence is overwhelming that the burden on individual ratepayers, due to amortization provisions, is very small, in dollars and cents, relative to their total monthly charges. The Public Service Board's determination that the amortization device adequately protects the ratepayers from an undue burden is supportable and must be accorded appropriate recognition.

The same record demonstrates the enlarged impact of the total revenue, or loss of it, on the several utilities. To permit amortized collection is a rational and supportable decision, and will not be overturned.

■ A word remains to be said about considerations that may be collected under the concerns for carrying out the public interest. The burden of public utility regulation falls upon the ratepayers. Although the interests of utility customers certainly ought to be protected by litigation if necessary, such litigation must be conducted with consideration for its own impact on the costs of the product. From that point of view, the consolidation of litigation is to be preferred over proliferation. Moreover, most of the judgments to be made involve the particular competency of the regulatory agency, and are weighed accordingly by courts. *In re New England Telephone & Telegraph Co.*, 131 Vt. 470, 472–73, 307 A.2d 783 (1973). Whatever issues there may be can be best and most expeditiously resolved in the context of full appellate review, without the additional distraction of interlocutory issues, un-

less showings can be generated of vital and critical consequences justifying turning aside orders of the Board. No such showing appears here.

*The motion for a stay is denied.*