STATE OF VERMONT

ENVIRONMENTAL COURT


|  | } |
| --- | --- |
| In re: Entergy Nuclear/ Vermont Yankee | } |
|    Thermal Discharge permit amendment | } Docket No. 89-4-06 Vtec |
|       (Appeal of Connecticut River Watershed Council, | } |
|          Trout Unlimited (Deerfield/Millers 349 Ch.), | } |
|          and Citizens Awareness Network) | } |
|       (Appeal of New England Coalition | } |
|          on Nuclear Pollution) | } |
|       (Cross-Appeal of Entergy Nuclear | } |
|          Vermont Yankee, LLC) | } |
|  | } |


Amended Decision and Order
on Motion for Stay of Permit Amendment Pending Appeal

Appellants and Cross-Appellant appealed from a decision of the Vermont Agency of Natural Resources (ANR), approving an amendment of a thermal discharge permit issued to Entergy Nuclear Vermont Yankee, LLC. Appellants Connecticut River Watershed Council, Trout Unlimited (Deerfield/Millers 349 Ch.), and Citizens Awareness Network are represented by Patrick A. Parenteau, Esq., David K. Mears, Esq., and Justin E. Kolber, Esq.; Appellant New England Coalition on Nuclear Pollution is represented by Evan J. Mulholland, Esq.; Cross-Appellant-Applicant Entergy Nuclear Vermont Yankee, LLC is represented by Elise N. Zoli, Esq., Barbara G. Ripley, Esq., Sarah Heaton Concannon, Esq., and Gwyn Williams, Esq.; the Windham Regional Commission appeared through James Matteau and John Bennett, who are not attorneys; the Vermont Agency of Natural Resources is represented by Catherine Gjessing, Esq. and Warren T. Coleman, Esq.; and the Natural Resources Board is represented by John H. Hasen, Esq. and Daniel D. Dutcher, Esq.

Appellants have moved to stay the permit amendment, pending the conclusion of

1

the merits of this appeal. The permit was issued on March 30, 2006, and allows the thermal discharge from Entergy Nuclear/Vermont Yankee to increase the temperature of the Connecticut River by an additional 1˚ F, within a defined measurement area or mixing zone, from June 16 through October 14 of each year.[1] Appellants argue that the stay will preserve the status quo of Applicants' previous permit conditions during this litigation, which is now scheduled to be heard in late January and early February[2] of 2007. The Court issued an order granting the stay on August 28, 2006. This is a revision of that order to clarify certain issues raised during the telephone hearing on August 28, 2006, and to separate the stay provisions applicable to the 2006 season from those applicable to the 2007 season, to make it unnecessary for the parties and the judicial system to spend time now on an interlocutory appeal, as that time may be better spent by the parties in their mediation and trial preparation work.

The Court must consider the movants' likelihood or substantial possibility of success on the merits of this de novo appeal, irreparable injury that may occur in the absence of the stay, whether the grant of the stay will substantially harm other parties, and whether the stay will serve the best interests of the public. In re Allied Power & Light Co., 132 Vt. 554, 556 (1974), as discussed by Justice Skoglund in issuing a stay during the pendency of the

---

[1] The underlying permit of which this is an amendment expired on March 30, 2006; the renewal permit process is ongoing and may result in the issuance of a renewal permit before the close of 2006. If and when an appeal is filed from the issuance of the renewal permit, we will consider whether it should be consolidated with the present proceedings. V.R.E.C.P. 2(b), and see V.R.E.C.P. 1.

[2] At present, the following dates are being reserved for this trial: January 24-26, January 30 and 31, February 1 and 2, February 6-9, and February 13-16. Please be prepared to discuss whether fifteen trial days will be sufficient and whether the parties will be able to use these specific dates.

appeal in <u>In re Stormwater NPDES Petition</u>, Docket No. 2004-515 (Vt. Supreme Ct., April 7, 2005).

Appellants have come forward with sufficient evidence to demonstrate a substantial possibility that they will prevail on the merits; that is, a sufficiently substantial possibility to examine and weigh the other factors to be considered in whether or not to grant a stay. Unlike federal judicial review of agency action, no presumption is afforded the fact that the permit amendment was issued. The Court is not charged with determining whether the ANR's decision is supported by substantial evidence in the record as a whole; rather, it is charged with considering the application <u>de novo</u>, applying the same substantive standards that the ANR is required to apply. The Applicant will bear the burden of proof that it qualifies for a waiver of the thermal effluent limitation otherwise applicable to it.

Appellants have shown sufficient potential for irreparable injury to American shad in the Connecticut River, both at present as the juveniles become accustomed to cooler water temperatures prior to their migration down the River in the fall, and in the summer of 2007 for the growth of the next generation of juveniles.

On the other hand, the grant of the stay will not substantially harm other parties. The consequence to the Applicant will only be a financial one, and consequently not irreparable by definition, in that energy that could otherwise have been sold will have to be expended on the operation of the cooling towers. The Applicant will be able to operate under its previous permit during the pendency of its renewal permit application, as well as during the pendency of the present appeal over its thermal effluent waiver amendment application. The public will view the plume of water vapor from the cooling tower, but no substantial harm has been shown to result from the mere visibility of the plume to the public. No evidence of drought conditions or impairment of the River, and consequently no substantial harm to the public interest, has been shown to be occurring during present conditions, due to the removal of the cooling water and its evaporation into the

3

atmosphere.

The best interests of the public will be served by granting the stay so that it is not only in effect from now through September and the first half of October of 2006, but so that it remains in effect if this matter is not resolved by the time that adult American shad return to the River in April to spawn, for the 2007 component of the life cycle of the 2007 cohort of juvenile shad in the River. However, to preserve Applicant's rights to appeal the stay applicable to the 2007 season, we will issue the stay in two segments, as follows: The stay takes effect as of August 28, 2006, and remains in effect until April 1, 2007, or until further order of the Court issued before that date.

The stay is issued without prejudice to any motions to amend or lift the stay based upon evidence or arguments not already made to the Court in the present motion memoranda. The parties should expect that, if any motions are filed based on any potential trade-off of environmental consequences between the use of the air (that is, the cooling towers) and the use of the river water for cooling purposes, such motion will be scheduled for an evidentiary hearing. In any event, a hearing will be scheduled in March, 2007, to determine whether an order should issue continuing the stay for the 2007 season; any order that issues as a result of that hearing will be appealable at that time.

Based upon representations made by the Applicant at the telephone hearing held on August 28, 2006, Applicant is granted a period of two weeks, that is, until Friday, September 8, 2006, within which to implement this order and safely shift the facility to the alternate mode of operation.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Motion for Stay is GRANTED until further order of the Court or as otherwise provided above. A scheduling order addressing the parties' mediation and pretrial preparation schedule will be issued shortly. The trial dates remain as reserved (see footnote 2 above)

4

until further order of the Court.


Done at Berlin, Vermont, this 1ˢᵗ day of September, 2006.


_____
Merideth Wright
Environmental Judge