STATE OF VERMONT
ENVIRONMENTAL COURT

| | | |
|---|---|---|
| Northern Cmty. Investment Corp. Conditional | } | |
| Use Application | } | Docket No. 123-6-07 Vtec |
| | } | |
| Northern Cmty. Investment Corp. Site Plan | } | Docket No. 128-6-07 Vtec |
| Application | } | |
| | } | |
| Northern Cmty. Investment Corp. Zoning Permit | } | Docket No. 152-7-07 Vtec |
| (Appeals of Curtis) | } | |
| | } | |

### Decision on Motion to Disqualify and Motion for Stay

These three appeals arise out of three related decisions by the City of Newport (City) Zoning Board of Adjustment (ZBA) and Planning Commission to grant conditional use approval, site plan approval, and a zoning permit to Appellee Northern Community Investment Corporation (NCIC) for the construction of an education center for preschool children on the property located at 363 Bluff Road in Newport. Appellants Paul and Joan Curtis, George M. and Shelly Azur, Douglas and Lois Jenks, Francis L. and Amelia A. Ormsbee, William D. and Debra Prue, Clark W. and Linda Curtis, and Norman Thurston are pro se; Appellee NCIC is represented by Kristina Michelsen, Esq.; Interested Person the City of Newport is represented by William Boyd Davies, Esq.; and Interested Persons John K. and Harriet G. Hall are pro se.

Appellants Curtis have filed a request to disqualify Mr. Davies as the City's attorney, which Mr. Davies has opposed, and a motion to stay the decisions of the ZBA and Planning Commission during the pendency of these appeals, which is unopposed.

### Background[1]

1.      Appellee NCIC seeks to construct two additions to an existing structure at 363 Bluff Road in Newport, to create a structure totaling 11,950 square feet.

2.      Appellee intends to use the new structure as an education center for preschool children

---

[1] The facts in this Background section are taken from the documents filed by the Appellants thus far, including the application for a zoning permit, the ZBA's decision upholding the ZA's issuance of a zoning permit, and the notices of appeal. The Court has not yet been provided with copies of the decisions related to site plan approval or conditional use approval, nor does it have copies of the applications for conditional use approval and site plan approval, all of which the Appellants are strongly encouraged to file in connection with any future motions or requests, so as to complete the record in the Court's file.

and family services.

3.      The ZBA granted conditional use approval to NCIC on May 16, 2007.

4.      The Planning Commission granted site plan approval to NCIC on May 22, 2007.

5.      The Zoning Administrator (ZA) granted NCIC's application for a zoning permit, which was upheld on appeal by the ZBA at a hearing held on June 27, 2007.

6.      These decisions regarding the zoning permit, site plan approval, and conditional use approval are the subjects of these three related appeals.

## Discussion

### Motion for Stay

The Curtises have filed a motion to stay the decisions by the ZBA on May 16, 2007 (conditional use approval) and June 27, 2007 (zoning permit) and by the Planning Commission on May 22, 2007 (site plan approval). Pursuant to Rule 5(e) of the Vermont Rules of Environmental Court Proceedings (V.R.E.C.P.), unless the decision appealed from is automatically stayed by the filing of the appeal pursuant to 10 V.S.A. § 8504(f)(1),[2] this Court "may, on its own motion, or on motion of a party, stay the act or decision and make such other orders as are necessary to preserve the rights of the parties upon such terms and conditions as are just."

When deciding a Rule 5(e) motion for a stay, we consider the following factors, which the Supreme Court has characterized as "helpful generalizations" in the context of analyzing Public Service Board orders: "(1) the likelihood of success of the appealing party on the merits, (2) whether the party seeking the stay will suffer irreparable injury if the stay is not granted, (3) whether the issuance of a stay will substantially harm other parties, and (4) the location of the best interests of the public." In re Tariff Filing of New England Tel. & Tel. Co., 145 Vt. 309, 311 (1984) (citing In re Allied Power & Light Co., 132 Vt. 554, 556 (1974)); see In re: Entergy Nuclear/Vermont Yankee Thermal Discharge Permit Amendment, Docket No. 89-4-06 Vtec, slip op. at 3 (Vt. Envtl. Ct., June 6, 2007).

Here, the Curtises have alleged that "irremediable damage" will occur if this project is commenced, that the Zoning Bylaws will be violated, and that parcels of adjoining land "will

---

[2] 10 V.S.A. § 8504(f)(1) relates to "[a]cts or decisions involving stream alteration permits or shoreline encroachment permits" issued by the Agency of Natural Resources, and to "[t]he denial of interested person status by a board of adjustment, planning commission, or development review board . . . ." Neither is applicable here.

forever be put into non compliance." They have also alleged that their neighborhood "will never be the same," and that the cemetery adjoining the project property, which contains the remains of Civil War Veterans and is approximately 160 years old, will be "negatively changed forever." The Curtises' motion for a stay is unopposed. Given that the Curtises have at least made a prima facie showing of three of the four factors discussed above, on balance, the equities weigh in favor of a stay. There has been no showing by any other party of prejudice, should the stay be granted. Given the nature of the proposed project and the surrounding area, the Court finds that a stay will preserve the status quo during the pendency of these appeals.[3] Appellants' motion for a stay is therefore GRANTED.

## Curtises' Request to Disqualify Mr. Davies

Attorney disqualification "'is a drastic measure which courts should hesitate to impose except when absolutely necessary.'" Cody v. Cody, 2005 VT 116, ¶23 (quoting Chem. Waste Mgmt., Inc. v. Sims, 875 F.Supp. 501, 503 (N.D.Ill. 1995)). In reviewing a disqualification motion, "a court must be 'solicitous of a client's right freely to choose his counsel' and 'mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel, and lose the benefit of counsel's familiarity with the case.'" Cody, 2005 VT 116 at ¶16 (quoting Stowell v. Bennett, 169 Vt. 630, 632 (1999)). The burden is on the party seeking disqualification to meet the high standard of proof required for disqualification. First Hawaiian Bank v. Russell & Volkening, Inc., 861 F.Supp. 233, 237 (S.D.N.Y. 1994); see Nelson v. Green Builders, Inc., 823 F.Supp. 1439, 1444 (E.D.Wis. 1993) (motions to disqualify counsel "should be resolved with extreme caution because they may be used abusively as a litigation tactic").

Here, the Curtises' one-paragraph letter requesting the Court to disqualify Mr. Davies states that "Mr. Davies has been Pine Grove Cemetery's lawyer for about twenty years. Granted, we have not required Mr. Davies [sic] services in the past few years, but he is still losted [sic] as Pine Grove Cemetery's attorney on our records." Mr. Davies has filed an opposition to this request, in which he states that he has searched his records and has not found any indication that

---

[3] Although the Curtises have not made a showing of the likelihood of their prevailing on the merits, the Vermont Supreme Court has held that this requirement comes "into play as a test only when the basis for the ruling in favor or against the stay . . . is so tenuous that its invalidity is suggested on the face of the matter." Petition of Allied Power & Light Co., 132 Vt. 554, 556 (1974). We find that there has been a sufficient demonstration by the Curtises that the other three factors are satisfied such that a stay is warranted in this case, absent a showing of likelihood of success on the merits.

he has represented Pine Grove Cemetery "in the last twenty years." In addition, Mr. Davies states that he has no recollection of representing Pine Grove Cemetery in the last twenty years, and in fact recalls instances in which he represented the City in at least two matters where Pine Grove Cemetery was the opposite party. Attorney Davies also offered his assurance to "this Honorable Court and Mr. and Mrs. Curtis that [he] will not use any information [he] gained while representing Pine Grove Cemetery against Mr. and Mrs. Curtis in this present matter."[4] Resp. in Opp'n to Appellants' Mot. to Remove Counsel for City of Newport, p.3.

Because the Curtises' statements imply that there is either an existing attorney-client relationship between the Pine Grove Cemetery and Mr. Davies, or that there was one at some point in the past, which Mr. Davies appears to acknowledge is a possibility, we must analyze their motion under the Vermont Rules of Professional Conduct (V.R.P.C.) governing both current and former client conflicts. Rule 1.7. of the V.R.P.C., concerning conflicts of interest in general, provides, in relevant part, that "(a) [a] lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless: (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and (2) each client consents after consultation." Rule 1.9, governing former client conflicts, provides, in relevant part, that

> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter: (1) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client, or when the information has become generally known; or (2) reveal information relating to the representation except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client.

Here, there appears to be a dispute as to the timing and nature of Mr. Davies' representation of Pine Grove Cemetery, or at the very least a lack of information allowing this Court to make findings on the issue of the nature and scope of the representation. Before ruling on a motion for disqualification, a trial court is required to make findings of fact regarding the nature and scope of the representation, among other factors, to determine whether a conflict indeed exists, and whether disqualification of the attorney is warranted. Cody, 2005 VT 116 at ¶16. In light of this precedent, this Court will hold an evidentiary hearing on these issues.

---

[4] At least one reading of this assurance by Attorney Davies appears to imply that he has represented Pine Grove Cemetery at some point in the past.

The parties, and in particular the Curtises, because it is their burden to show that Mr. Davies should be disqualified, should be prepared to present evidence on the nature, scope, and timing of the alleged attorney-client relationship at the hearing. The parties should note that the presentation of evidence at the hearing requires more than mere allegations of the existence of a relationship; they should be prepared to put on specific evidence of the attorney-client relationship alleged to exist. The Court also encourages the parties to meet in advance of the hearing to determine if a voluntary agreement can be reached on terms that would allow Mr. Davies to continue his representation of the City in this proceeding.

## Conclusion

For the reasons stated above, the Curtises' motion for a stay is hereby GRANTED; a stay of the decisions rendered below by the Planning Commission and the ZBA shall remain in effect until the conclusion of these appeals, or until further order of this Court. The Court will issue a ruling on the Curtises' request to disqualify Mr. Davies subsequent to the evidentiary hearing now scheduled for October 23, 2007 at 10:00 AM at the Orleans Superior Court.

Done at Berlin, Vermont this 30th day of August, 2007.

_____
Thomas S. Durkin, Environmental Judge