STATE OF VERMONT

ENVIRONMENTAL COURT

|                                      |   |                        |
|--------------------------------------|---|------------------------|
|                                      | } |                        |
| In re Tasha Tudor & Family, Inc.     | } | Docket No. 112-6-09 Vtec |
|   Conditional Use Permit             | } |                        |
|     (Appeal of Thomas Tudor)         | } |                        |
|                                      | } |                        |

Decision and Order on Motion to Stay

This is an on-the-record appeal[1] filed on June 16, 2009 from a decision of the Development Review Board (DRB) of the Town of Marlboro, granting conditional use approval to Tasha Tudor and Family, Inc., to operate a Museum/Gallery and Retreat Facility at the 9.8-acre parcel at 299 Raven Road. Appellant Thomas Tudor is an attorney (not admitted in Vermont) who is representing himself in this matter. Appellee-Applicant Tasha Tudor and Family, Inc. is represented by Amy Tudor,[2] who is not an attorney. The Town of Marlboro is represented by Paul S. Gillies, Esq.

Appellant owns an interest in adjoining property at 407 Raven Road. Together with his Notice of Appeal, Appellant filed a document entitled "Petition for Relief in Law and Equity" and moved for a stay of the DRB's approval, pending resolution of this appeal. Appellee-Applicant filed a response to the motion; the Town has not taken a position on the motion.

Condition 2 of the DRB decision regulates bus tours. It allows up to fifteen bus

---

[1] Please note that this appeal is not de novo, contrary to several references to it as such in Appellant's petition. See 10 V.S.A. § 8504(h)(1); compare V.R.E.C.P. 5(g), with V.R.E.C.P. 5(h)(1).

[2] Please note footnote 1 of this Court's entry order issued July 29, 2009 (which may have crossed in the mail with Ms. Tudor's filing of her opposition to the motion to stay), regarding whether Ms. Tudor has entered her appearance on her own behalf or on behalf of the corporation.

tours per year, but no more than two bus tours on any day, during a season between May 1 and October 31 of each year. It prohibits bus parking on town roads, and prohibits idling of buses. Condition 3 of the DRB decision regulates events involving participants arriving by automobile. It allows up to eight day-long events per year, and also restricts such events to a season between May 1 and October 31 of each year, and to no more than two such events per day. It restricts such events to involving no more than ten automobiles per event. Condition 4 of the DRB decision requires portable toilet facilities to be provided, adequate for the numbers of people attending the tours or events.

In the response to the motion for stay filed on August 3, 2009 by Amy Tudor on behalf of the corporation, she has stated that no further bus tours are scheduled for calendar year 2009, that two ten-car tours are scheduled for September 12, 2009, and that portable toilets will be rented for the day in compliance with the DRB approval. The response did not state whether the September 12 events are the only remaining such events planned for the 2009 season. Because the annual season ends October 31, 2009, the motion for stay is only applicable to the September 12 events and to any subsequent events involving participants arriving by automobile.

> To rule on a motion for stay pursuant to V.R.E.C.P. 5(e), the Court must
>
> consider the following factors, which the Supreme Court has characterized as helpful generalizations in the context of analyzing Public Service Board orders: (1) the likelihood of success of the appealing party on the merits, (2) whether the party seeking the stay will suffer irreparable injury if the stay is not granted, (3) whether the issuance of a stay will substantially harm other parties, and (4) the location of the best interests of the public. In re Tariff Filing of New England Tel. & Tel. Co., 145 Vt. 309, 311 (1984) (citing In re Allied Power & Light Co., 132 Vt. 554, 556 (1974)); see In re: Entergy Nuclear/Vermont Yankee Thermal Discharge Permit Amendment, Docket No. 89-4-06 Vtec, slip op. at 3 (Vt. Envtl. Ct., June 6, 2007) [(Wright, J.)].

In re Northern Cmty. Inv. Corp. (Appeals of Curtis), Nos. 123-6-07 Vtec, 128-6-07 Vtec,

152-7-07 Vtec, slip op. at 2 (Vt. Envtl. Ct. Aug. 30, 2007) (Durkin, J.).

Appellant has not shown his likelihood of success on the merits. Success on the merits of an on-the-record appeal requires the Court to determine that the DRB's decision was not supported by substantial evidence in the record as a whole, or was otherwise defective. Until the Court receives a copy of the Marlboro Zoning Regulations and either listens to the audio tapes of the hearings or reads the transcripts not yet provided, the Court cannot make a determination as to the likelihood of success on the merits.

Appellant has not shown what irreparable injury could result to his interest in the neighboring property as a result of the September 12, 2009 events or any subsequent events before the end of October of 2009 involving participants arriving by automobile.

Appellee-Applicant has not shown that it would suffer substantial harm due to the cancellation of the two September 12, 2009 events. Presumably it would suffer at least some financial harm due to the loss of fees for the events, as reflected on Appellee-Applicant's website referenced in Appellant's petition. Nevertheless, as Appellee-Applicant made no claim of substantial harm to it if the stay were granted, the Court has not given any weight to this factor.

Appellant has not shown that the best interests of the public requires a stay of the DRB's approval for the remainder of the 2009 season.

Based upon factors 1, 2, and 4, therefore, Appellant's motion for stay must be denied.

However, to minimize the possibility that unscheduled and uninvited visitors might arrive at the property by bus or car during the pendency of this appeal, Appellee-Applicant shall clearly provide information on any printed publicity materials, and on any electronic website or email communications, to the effect that visits to the property are by prior arrangement only.

3

The schedule established by the July 29, 2009 scheduling order requires mediation to be concluded by September 18, 2009. If it is not successful in resolving this dispute, the parties' initial briefs are due to be submitted by September 30, 2009, with any responses to be filed by October 14, 2009, so that the Court will have the matter fully submitted to it by mid-October. Based on this schedule, the parties can expect that a decision on the merits of the appeal will be issued sufficiently in advance of the May 1 beginning of the 2010 season. If the schedule is extended to affect the 2010 operating season, Appellant may, of course, renew his motion for stay.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant's motion for a stay of the DRB's approval is DENIED.

Done at Berlin, Vermont, this 4th day of August, 2009.

_____
Merideth Wright
Environmental Judge