STATE OF VERMONT

SUPERIOR COURT                                          ENVIRONMENTAL DIVISION
                                                        Docket No. 104-8-12 Vtec

| Costco Final Plat & Site Plan Appeal |
| --- |

## ENTRY REGARDING POST-JUDGMENT MOTION

Title:          Motion for Ex-Parte Temporary Restraining Order and Request
          for Preliminary Injunction (Motion 21)

Filer:          Appellant R.L. Vallee, Inc.

Attorney:       Alexander J. LaRosa

Filed Date:     May 17, 2020

Response in Opposition filed on 05/22/2020 by Attorney Mark G. Hall for
          Appellee Costco Wholesale Corp.

Reply in Support filed on 05/26/2020 by Attorney Alexander J. LaRosa for
          Appellant R.L. Vallee, Inc.

Response in Opposition filed on 05/27/2020 by Attorneys Brian P. Monaghan, Claudine C. Safar,
          and James F. Conway, III, for the Town of Colchester

**The Motion is DENIED in part. The Clerk shall schedule a HEARING on the requests for
          Preliminary Injunction and Writ of Mandamus.**

        This post-judgment proceeding relates to municipal approvals for a gas station proposed
by Costco Wholesale Corporation ("Costco") on property located as 218 Lower Mountain Drive
in Colchester.  Before the Court is R.L. Vallee, Inc.'s ("Vallee's") post-judgment "Motion for Ex-
Parte Temporary Restraining Order/Motion for Temporary Restraining Order." Vallee seeks a
Temporary Restraining Order ("TRO") pursuant to V.R.C.P. 65(a) and a writ of mandamus against
the City of Colchester to prevent Costco from opening its gas station until the Colchester
Development Review Board ("DRB") decides whether to approve Costco's site plan amendment
application.

        We note that Vallee's motion can no longer be considered as requesting a TRO ex-parte,
or without notice to the opposing party, because Costco has in fact had notice and has responded
to the motion.  *See* V.R.C.P. 65(a).  Vallee's latest filing suggests that it is actually requesting a
preliminary injunction pursuant to V.R.C.P. 65(b).  *See* Vallee's Response to Costco's Reply to
Vallee's Motion for TRO at 3, filed May 26, 2020.  A hearing is required prior to the issuance of a

preliminary injunction. *See* V.R.C.P. 65(b). Furthermore, a hearing will assist the Court in resolving substantial questions surrounding Vallee's claimed harm, the presence or absence of municipal approval in this matter, and most importantly, this Court's jurisdiction over Vallee's requests in the specific context of this docket – which is a municipal appeal closed since 2016.

To the extent Vallee seeks a TRO to enjoin Costco from opening its gas station prior to a hearing on these issues, the evidence does not support such an order. We note that the following discussion does not indicate our conclusions on the merits of Vallee's claims in this matter, or our conclusion as to the need for a preliminary injunction. We address only Vallee's request for a TRO prior to a preliminary injunction hearing. The relief Vallee seeks is an "extraordinary remedy" not routinely granted "unless the right to relief is clear." *See* Comm. to Save the Bishop's House v. Med. Ctr. Hosp. of Vermont, Inc., 136 Vt. 213, 218 (1978); *see also* Howard Center Renovation Permit, No. 12-1-13 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2013) (Walsh, J.). The relevant factors to be considered are "(1) the threat of irreparable harm to the movant; (2) the potential harm to the other parties; (3) the likelihood of success on the merits; and (4) the public interest." Hulstrunk v. Ultracell Insulation, LLC, No. 110-7-18 OECV, slip op. at 8 (Vt. Super. Ct. Sep. 18, 2018) (Harris, J.) (citing Taylor v. Town of Cabot, 2017 VT 92, ¶ 19, 205 Vt. 586 (2017)).

As to the first factor, Vallee's allegations do not support a finding of irreparable harm before a hearing can be held. Generally, harm is not irreparable "if it appears that the applicant has an adequate alternate remedy in the form of money damages or other relief." Taylor, 2017 VT 92, ¶ 40 (quotation omitted). One such alternate remedy is an adequate remedy at law. *See* In re Allen Road Land Co., Nos. 62-4-11 Vtec and 63-4-11 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. July 6, 2011) (Durkin, J.). We have held that "allowing construction to move forward after a permit has been granted, but while that permit is being challenged in this Court, will not lead to irreparable harm." Devonwood Investors, LLC 75 Cherry Street, No. 39-4-17 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. May 22, 2017) (Walsh, J.). This is because the Court has the authority to impose penalties and conditions along with other measures. *See* id. (citations omitted).

In this case, Vallee alleges that its "ability to safely enter and exit its property will be reduced" by increased traffic in the area if Costco is allowed to open its gas station. Vallee does not explain how the traffic impact, if it occurs, will create irreparable harm. Vallee notes that traffic is already an issue in this area and does not explain how any traffic related to the gas station would substantially increase safety risks. If this Court has jurisdiction over the present dispute, and if Costco's activities are in violation of this Court's prior orders or applicable regulations, we have the authority to impose further conditions or order Costco to cease operations. However, because the Court is uncertain on these legal issues, based upon Vallee's current presentation, we conclude that it would be an error to act prior to a hearing. We note, however, that Costco proceeds at its own risk, and Vallee has other remedies at law available through the municipal process and this Court.

Vallee also appears to allege that its due process rights will be violated if Costco is allowed to open its gas station. At this stage, on the evidence presently before the Court, we find this allegation to be without merit. Costco has represented that the Zoning Administrator for the Town of Colchester ("Town") determined there was no need for a site plan amendment to

operate the gas station as currently proposed. Vallee takes issue with events that led to that determination, but the injury there, if any, does not arise from Costco's gas station itself. We see no due process injury to Vallee when Costco engages in activities on its property. In any event, Vallee has adequate remedies available through the municipal process and this Court.

Turning to the second factor, we find that a TRO would inflict substantial harm on Costco. Enjoining operations of the gas station would create ongoing financial harm in the form of lost revenue, and force Costco to continue expending resources to keep the station ready for use. Furthermore, at this stage and given the lengthy litigation that the parties here have suffered, we cannot conclude that Costco's activities are outside the bounds of its existing approvals.

The third factor, the likelihood of success on the merits, is inconclusive. We have in the past indicated that this factor may be useful as a threshold check to screen out claims that are, at their base, tenuous or frivolous. Howard Center, No. 12-1-13 Vtec at 1 (Apr. 12, 2013) (citing Petition of Allied Power & Light Co., 132 Vt. 554, 556 (1974)). Thus, if an underlying claim is clearly set on a weak foundation, we may rely largely on this factor to conclude that a TRO is not warranted. In our preliminary analysis of Vallee's claims, we are unable to say that the claims are collectively tenuous or frivolous. Vallee's motion therefore passes this initial threshold. At the same time, we cannot say at this preliminary stage that any one of Vallee's claims is likely to succeed. As indicated above, we have significant questions about the status of municipal approvals and this Court's jurisdiction. Both Vallee and Costco have set out colorable arguments on either side. At this point we give this factor neutral weight in our analysis.

The fourth and final factor, the public interest, is also inconclusive. The parties' filings offered little assistance in determining whether the public interest will be served by granting or denying a TRO. Vallee appears most concerned with the impact on its own rights, and Costco's response follows a similar theme. Though Costco's operations will undoubtedly impact the public, we cannot say at this juncture whether the impact will be positive or negative. We therefore give this factor neutral weight as well.

Our conclusions with respect to factors one and two, Vallee's failure to show irreparable harm and the substantial harm to Costco if a TRO is issued, weigh in favor of denying the TRO request. The remaining factors are neutral. We therefore **DENY** Vallee's TRO request to the extent it seeks to enjoin Costco's operations prior to a preliminary injunction hearing. We reiterate that we reach no conclusions regarding the propriety of a preliminary injunction or the merits of Vallee's claims.

Vallee's motion remains pending to the extent it requests a preliminary injunction and a writ of mandamus. An evidentiary hearing is necessary pursuant to V.R.C.P. 65(b) and to allow further evaluation of the parties' positions. The Court's ability to hold evidentiary hearings has been impacted by the ongoing judicial emergency declared in response to COVID-19. Under the directives from the Vermont Supreme Court, in-person hearings are strictly limited. Hearings by telephonic or video conference will be possible, upon approval by the Chief Superior Judge.

Therefore, the remaining requests set forth in Vallee's motion will be set for a hearing by telephonic or video conference within the next three weeks, in conjunction with a hearing on

Vallee's motions in Docket No. 20-3-20 Vtec.  A notice of hearing will be issued once the Court receives the necessary approval.

**So Ordered.**

Electronically signed on May 27, 2020 at Burlington, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Jon T. Anderson (ERN 1856), Attorney for Appellant R.L. Vallee, Inc.

Alexander J. LaRosa (ERN 5814), Co-counsel for Appellant R.L. Vallee, Inc.

Mark G. Hall (ERN 2537), Attorney for Appellee Costco Wholesale Corp.

David L. Grayck (ERN 4510), Attorney for Interested Person Timberlake Associates, LLP

Brian P. Monaghan, Claudine C. Safar (ERN 3985), and James F. Conway, III, Attorneys for the Town of Colchester