VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket No. 21-ENV-00064

| 17 Potter Road Permit #20-028 |
| --- |

# ENTRY REGARDING MOTION

Title:        Motion for Stay of all of Applicant's building and repair activities (Motion #1)

Filer:        David Sterrett, attorney for Appellant John Collins

Filed Date:    August 27, 2021

Memorandum in Opposition, filed on September 28, 2021, by Jesse D. Bugbee, attorney for
    Appellee/Applicant Gloria Ovitt-Ledoux

**The motion is DENIED.**

Appellant David Collins ("Appellant") seeks an order of this Court directing Appellee/Applicant Gloria Ovitt-Ledoux ("Applicant") and those acting on her behalf not to conduct or complete any building and repair activities on the property located at 17 Potter Road in Fairfax, Vermont (Parcel ID #PT0017). That property is the subject of an application for a building permit. After the Town of Fairfax Zoning Administrator granted that permit, Appellant appealed that decision to the Town of Fairfax Development Review Board ("DRB"). When the DRB denied that appeal on June 8, 2021, allowing the building permit to stand, Appellant filed a timely appeal with this Court.

The Court has been provided with little background on the pending application or Appellant's objections to it. We do not see that a copy of the DRB's June 8, 2021 decision has been filed with the Court; the Court requests that Appellant immediately file a copy of the DRB decision electronically via the Odyssey electronic case management system, so that it may be accessed by the Court staff and the parties to this appeal.

However, we must respond to the present motion. We construe it as a motion for a stay of the DRB decision, as anything else would lie outside our jurisdiction. In reviewing the motion, we do not "render any factual findings; rather, we… view the relevant factual representations in a light most favorable to the non-moving party." Champlain Parkway Wetlands CU Det., No. 123-10-16 Vtec, slip op. at 2 (Entry Order on Motion to Alter or Amend) (Vt. Super. Ct. Envtl. Div. Oct. 10, 2017) (Durkin, J.).

A decision by an appropriate municipal panel—such as the DRB, in this case—to issue a permit is not automatically stayed when that decision is appealed to this Court. See 10 V.S.A.

§ 8504(f); V.R.E.C.P. 5(e). A party may nonetheless request the Court to stay the permit, as Appellants have done here. Id.[1]

We consider four factors to determine whether the stay request should be granted: "(1) [the moving party's] likelihood of success on the merits; (2) irreparable harm to the moving party should the stay be denied; (3) substantial harm to other parties should the stay be granted; and (4) the best interests of the public." 110 East Spring Street CU, No. 11-2-16 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. Apr. 22, 2016) (Walsh, J.) (citing In re Tariff Filing of New England Tel. and Tel. Co., 145 Vt. 309, 311 (1984)). We consider a discretionary stay to be an "extraordinary remedy appropriate only when the movant's right to relief is clear." Howard Center Renovation Permit, No. 12-1-13 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2013) (Walsh, J.).

Appellant alleges that the septic system on Applicant's property has failed and is causing harm to his property. However, he does not support these conclusory assertions with any factual details or evidence to support his factual allegations. He states that he raised this issue before the DRB but that a building permit was granted despite his testimony. He further alleges that since the granting of the permit, Applicant has commenced to dig up the failed septic system and pour a foundation. He alleges that these activities have caused and are causing him two types of harm: i) further unspecified harm to his property, and ii) the loss of evidence of a failed septic system on Applicant's property, which failed system forms the primary basis for his opposition to the permit under appeal.

For her part, Applicant disputes that her septic system has failed, although she admits to not having used it for over three years. She suggests that to the extent there is any intrusion of wastewater onto Appellant's property, it is more likely to come from his neighbor to the East, whose property lies up a steeper grade from Appellant than Applicant's does. She further states that she has not dug up the septic system since being granted a permit, but instead has hooked up the septic system to a new mobile home placed on the property. It is unclear whether Applicant is living in or plans to live in that home. Her response to the present motion states that "[h]er family is improving the subject property in order to provide funds for her [medical] care," and that she "will suffer unnecessary financial injury if she is not allowed to complete the project as permitted."

A fully searching analysis of "likelihood of success on the merits," the first factor in our four-factor test for a motion to stay, threatens to turn a preliminary motion into "a full and complete adjudication of the case." Howard Center Renovation Permit, No. 12-1-13 Vtec at 2 (April 12, 2013) (citing Petition of Allied Power & Light Co., 132 Vt. 554, 556 (1974)). We therefore bring this "standard into play as a test only when the movant's appeal is so tenuous that its invalidity is suggested on the face of the matter, or the [appeal] smacks of bad faith or frivolousness." Id. (internal quotation marks omitted). The lack of factual allegations to support Appellant's claim that Applicant's septic system has failed, as well as the lack of legal argumentation as to the relevance of such a fact, if proved, to this building permit application, brings the present appeal very close to such tenuity. Nevertheless, we need not rule on this point given that the other factors favor denying the stay.

---

[1] Once such a motion is filed, the underlying permit "shall not take effect until the earlier of 15 days from the date of filing of the notice of appeal or the date of a ruling by the court . . . on whether to issue a stay." V.R.E.C.P. 5(e) (emphasis added). Here, the notice of appeal was filed July 6, 2021, and the permit therefore went into effect July 21.

Appellant has not demonstrated a likelihood of irreparable harm should a stay be denied. First, and most critically, he has not provided any detailed factual allegations to support the conclusory assertions that Appellant's septic system has failed and is causing or threatens to cause damage to his property. Second, even assuming for the sake of argument that the septic system had failed, Appellant has not demonstrated a likelihood of injury that is a) imminent, b) traceable to the decision to grant the permit, and c) irreparable. *See* Howard Center Renovation Permit, No. 12-1-13 Vtec at 4 (April 12, 2013) ("In moving for a stay, the District is obligated to show that its alleged harm is likely to occur during the pendency of the proceeding before this Court, or during the time that a stay of the decision below will be effective."); Id. at 3 ("the District has not demonstrated a *sufficiently probable link between* the [activities allowed by the permit] and [the alleged] harm…")(emphasis added); In re Allen Road Land Co., Nos. 62-4-11 Vtec and 63-4-11 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. July 6, 2011) (Durkin, J.) ("In assessing … whether Appellants will suffer irreparable injury…we ask if Appellants have made a case that such injuries are likely and if they would have an adequate remedy at law, should the injuries they allege actually occur.").

Appellant alleges two distinct harms. With regard to the alleged harm to his property, he has not provided the court with factual allegations that would allow us to conclude the harm is likely or imminent. Nor has he demonstrated that any injury would be traceable to the activities enabled by the building permit he is seeking to stay: If, as he alleges, the septic system has already failed, he has not demonstrated why activities undertaken pending this appeal would cause damage to his property over and above any existing damage from the failed system. Lastly, even if such harm did occur and could be traced to this permit, he has not demonstrated that such harm would be irreparable. Without any more specific information, we must conclude that the damages to his property that Appellant claims will occur could be remedied with money damages or specific performance and are not therefore irreparable. *See* In re Moore 3 Lot Subdivision, No. 123-9-13 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. July 28, 2014) (Walsh, J.) (declining to find proof of irreparable injury because "[a]ny damage caused to property owned by [the moving party] could be remedied through money damages or specific performance and the land could be returned to its pre-construction state"); *cf.* Taylor v. Town of Cabot, 2017 VT 92, ¶ 40, 205 Vt. 586 (2017) (quoting 11A Wright & Miller, Federal Practice & Procedure: Civil § 2948.1 (3d ed.) ("A preliminary injunction will usually be denied 'if it appears that the applicant has an adequate alternate remedy in the form of money damages or other relief.'").

Appellant also claims that by removing the allegedly failed septic system, Applicant would potentially be destroying evidence relevant to his appeal. Appellant has provided no controlling case-law, nor does our independent research reveal any, that recognizes the loss of evidence as irreparable injury for purposes of a motion to stay. We note persuasive precedent from other jurisdictions that recognizes the loss of evidence as an irreparable injury for purposes of a preliminary injunction, to which many jurisdictions applying the Federal Rules of Civil Procedure apply a similar test to that for a motion to stay judgment. *See, e.g.,* True the Vote, Inc. v. Internal Revenue Serv., No. CV 13-734 (RBW), 2014 WL 4347197, at *3 (D.D.C. Aug. 7, 2014). Nevertheless, viewing all allegations in the light most favorable to the non-moving party, we must conclude that Appellant has not demonstrated a sufficient likelihood that such loss of evidence will occur. We are especially unwilling to grant a stay solely on this basis, given that it is still unclear to the Court what relevance the allegedly failed septic system has to this appeal from a municipal building permit.

Next, we consider any harm to the non-moving party from granting a stay. Such harm needs not be irreparable to favor denying the stay; it needs merely be substantial. In re Route 103 Quarry, No. 205-10-05 Vtec, slip op. at 5 (Vt. Envtl. Ct. Sep. 14, 2007) (Durkin, J.) (citing Gilbert v. Gilbert, 163 Vt. 549, 560 (1995)). Financial harm to the non-moving party may qualify. Devonwood Investors, LLC 75 Cherry Street, No. 39-4-17 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div., May 22, 2017) (Walsh, J.). While the details before us are scarce, the factual allegations viewed in the light most favorable to Applicant (as the nonmoving party) suggest that she or her family are seeking to sell the property and are making improvements to it to accomplish that, so as to provide the financial support needed for her care. From this, we can reasonably infer that staying the permit and delaying those improvements or sale would at the very least cause financial harm to Applicant, if not more serious injuries due to a lack of funds for medical care.

We do note that if Applicant decides to move forward with construction while this appeal is pending, she does so at her own risk, as a decision of this Court to deny the permit could require the removal of any improvements. Id. at 4.

Finally, we consider the public interest in this matter. The factual allegations do not suggest that any persons beyond the parties to this appeal will be affected, whether the Court grants or denies the present motion. Were there more detailed factual allegations to support the assertions that the septic system has failed and is causing harm to neighboring properties or the contested allegation that Applicant is now removing it, we might reach a different conclusion. However, we note that in such a case, the public interest could very well favor allowing removal of a failed septic system to proceed and so denying the stay.

For all these reasons, we conclude that Appellant has failed to satisfy the applicable legal standards required for this Court to issue the requested stay. Appellant's motion is therefore **DENIED**.

**So Ordered.**

Electronically signed on October 26, 2021, at Newfane, VT pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division