VERMONT SUPERIOR COURT

Environmental Division

32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 25-ENV-00037



| 2508 West Lake Road Nonconforming Structure |
|---|

## ENTRY REGARDING MOTION

Title:             Motion to Stay Decision and Permit Pending Determination on Appeal

Filer:            Justin Barnard, attorney for Appellant, Wyldwood Lodge LLC

Filed Date:    June 6, 2025

Memorandum in Opposition filed by Frank Urso, attorney for Applicants, Joseph and
Patricia Adams, on June 20, 2025.

**The motion is DENIED.**

This is an appeal from a decision of the Poultney Development Review Board (DRB) granting a permit to Joseph and Patricia Adams (together, Applicants) for alterations to, and the enlargement of, a non-conforming structure located at 2508 West Lake Road (Sagamore), Poultney, Vermont (the Property). Applicants reside at the Property in the non-conforming structure. Wyldwood Lodge, LLC (Appellant), which owns adjoining property, has appealed the DRB's decision and now seeks to stay the permit approval pending the outcome of this appeal.

An appeal from a decision issued by a municipal panel does not automatically stay that decision. See 10 V.S.A. § 8504(f); V.R.E.C.P. 5(e). While the Court may still issue a discretionary stay at the request of a party or on its own motion as "necessary to preserve the rights of the parties," V.R.E.C.P. 5(e), such stays are an "extraordinary remedy appropriate only when the movant's right to relief is clear." In re Howard Center Renovation Permit, No. 12-1-13 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2013) (Walsh, J.). In considering whether to take action under this authority, the Court looks at four traditional factors, as follows: "(1) [the moving party's] likelihood of success on the merits; (2) irreparable harm to the moving party should the stay be denied; (3) substantial harm to other parties should the stay be granted; and (4) the best interests of the public." 110 E. Spring St. CU, No. 11-2-16 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. Apr. 22, 2016) (Walsh, J.) (citing In re

Tariff Filing of New England Tel. & Tel. Co., 145 Vt. 309, 311 (1984)). We address each of these elements in turn.

We begin with the first element: Appellants' likelihood of success on the merits. This factor is difficult to assess at such an early stage of litigation. As this Court previously recognized, when considering a motion to stay, "we bring the 'likelihood of success on the merits' standard into play as a test only when the movant's appeal 'is so tenuous that its invalidity is suggested on the face of the matter, or the [appeal] smacks of bad faith or frivolousness.'" Howard Center Renovation Permit, No. 12-1-13 Vtec, slip op. at 2 (Apr. 12, 2013) (Walsh, J.) (citing Petition of Allied Power & Light Co., 132 Vt. 554, 556 (1974)); see Devonwood Investors, LLC 75 Cheery Street, No. 39-4-17 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. May 22, 2017) (Walsh, J.) ("If the remaining three factors weighed in favor of granting a stay, we would be inclined to conduct a more thorough analysis of the merits at this stage").

In this case, Appellant's principal claim is that the DRB misconstrued the words "total area" as used in § 710(A) of the Poultney Unified Bylaws (the Bylaws). The Bylaws do not define "total area" and the DRB construed the words to "carry their customary meaning," as directed by the Bylaws. The DRB concluded that "total area," as used in the Bylaws, referred to "the total floor surface area of the structure, including all enclosed space under the primary roof." Appellant disagrees, arguing for a different interpretation given the definition of "gross floor area" and prior DRB decisions. However, we need not analyze the merits of Appellants' claims at this stage because the remaining three factors do not weigh in favor of granting Appellants' motion to stay.

The second factor that the moving party must show is irreparable harm in the absence of a stay. An irreparable harm is that which cannot be adequately measured or compensated by money damages. Black's Law Dictionary, irreparable injury (11th ed. 2019). The Court considers whether the alleged injuries are likely and whether they would have an adequate remedy at law. In re Lathrop Ltd. P'ship I, et al., Nos. 122-7-04 Vtec, 210-9-08 Vtec, 136-8-10 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Nov. 14, 2013) (Durkin, J.). As a general rule, allowing an applicant to move forward with construction while a permit is being challenged in this Court does not lead to irreparable harm. In re Mahar CU Appeal, No. 113-9-15 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Dec. 2, 2016) (Durkin, J.). Injuries from noise, dust, and increased traffic caused by construction can all be remedied by law. Lathrop I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, 136-8-10 Vtec, slip op. at 3 (Nov. 14, 2013) (Durkin, J.). In addition, this Court has authority to order remediation of any project constructed without final permit approval should the Court ultimately determine that the permit should not have been issued,

2

including potentially ordering the removal of buildings – or portions of buildings – and other structures constructed while this appeal is pending. Id. (citing Vill. of Ludlow v. Tofferi, et al., No. 213-11-98 Vtec (Vt. Envtl. Ct. Jan. 18, 2002) (Wright, J.).

Appellant argues that construction authorized by the permit under appeal will cause significant disruption to Appellant (and its tenants) and that construction-related traffic would also be disruptive to Appellant and to Appellant's member, Cindy Hellstern, while she is using the Wyldwood property during the summer months, as well as to Ms. Hellstern's tenants, many of whom are repeat renters.

While Appellant asserts that "there is no alternative, adequate monetary remedy for these harms," Ms. Hellstern's affidavit fails to provide compelling evidence that irreparable harm will occur if she or her tenants are negatively impacted by temporary construction activity. Rather, she merely speculates regarding the reasons why some of her tenants have discontinued renting from her. None of these proffered harms are related to the final project, but rather to temporary construction activities which will be remedied upon completion of construction. Nor does Ms. Hellstern explain why any harm that she may suffer could not be remedied at law. Without such evidence, this Court lacks an adequate foundation upon which to issue a stay. Thus, this factor weighs against granting a stay.

Turning to the third factor, we look at whether a stay would cause substantial harm to the non-moving party. Applicants allege that, unlike Ms. Hellstern, who only stays at the Wyldwood property during the summer months, the Property is their permanent residence. During the period of construction/renovation (some of which predates this application), Applicants have been unable to reside in their home. A stay would further extend this construction/renovation period and the time that Applicants would be out of their house. This factor weighs against a stay.

Lastly, the parties present competing arguments for whether a stay is in the public interest. Appellant argues that a stay would enforce compliance with adopted bylaws and the limitations those bylaws impose on the expansion of nonconformities. Applicants claim that the public interest is best served by following the lead of the DRB, which approved the permit and determined that the Applicant's project complied with the Bylaws. In the Court's assessment, this last factor weighs neutrally at best.

For the foregoing reasons, we **DENY** Appellants' motion for a stay. Appellants have not met their burden of showing irreparable harm. We stress that if Applicants proceed with construction during this pending appeal, they will be doing so with the risk that this Court can revoke their permit and order remediation should we determine that the project does not comply with the Bylaws.

3

Electronically signed on June 30, 2025, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division