**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
**E N T R Y   R E G A R D I N G   M O T I O N**
======================================================================

**In re Howard Center Renovation Permit**                    **Docket No. 12-1-13 Vtec**

Title: Motion to Stay (Filing No. 1)

Filed: February 19, 2013

Filed By: Appellant South Burlington School District

Response filed on 2/26/13 by Appellee HowardCenter, Inc.

Reply filed on 3/11/13 by Appellant

Response to Reply filed on 3/20/13 by Appellee


___ Granted                    _X_ Denied                    ___ Other

On January 30, 2013, the South Burlington School District (the District) appealed the decision of the City of South Burlington Development Review Board (the DRB) to affirm the approval of zoning permit #ZP-12-292 (the Permit), awarded to HowardCenter, Inc. (Applicant) for interior renovations to a location Applicant proposes to use as a methadone clinic.  The District opposes the Permit for several reasons, and it alleges: (1) the proposed clinic is within the City of South Burlington Land Development Regulations (LDR) Traffic Overlay District, requiring an analysis of traffic impacts; (2) the clinic is a change of use requiring conditional use review; (3) the clinic is a change or expansion of use requiring site plan review; (4) the clinic is not permitted under the terms of the location's Planned Unit Development (PUD); and (5) safety concerns.  On February 19, 2013, the District moved to stay the DRB's decision. Applicant opposes the pending motion for stay.

Pursuant to Section 5(e) of the Vermont Rules of Environmental Court Proceedings, when a decision appealed from is not automatically stayed, this Court, on its own or upon the motion of a party, may issue a stay when it is "necessary to preserve the rights of the parties." See also 10 V.S.A. § 8504(f)(2) (authorizing the Environmental Division to grant a stay).  In determining whether the equities weigh in favor of issuing a stay, we consider: (1) whether the appealing party has a strong likelihood of success on the merits, (2) whether denying the stay will cause irreparable harm to the moving party, (3) whether the issuance of the stay will substantially harm other parties, and (4) whether the stay would serve the best interests of the public.  See In re Allen Road Land Co., Nos. 62-4-11 Vtec and 63-4-11 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. July 6, 2011) (Durkin, J.); In re Search Warrants, 2011 VT 88, ¶ 2 (mem.) (citing Gilbert v. Gilbert, 163 Vt. 549, 560 (1995)).  As with an injunction, we view a stay as an extraordinary remedy appropriate only when the movant's right to relief is clear.

The District first claims that there is a strong likelihood it will succeed on the merits of this case.  The District's chief argument is that Applicant's permit application should not have been granted without further review by the DRB.  According to the District, the proposed clinic is located within South Burlington's Traffic Overlay Zone 3, which requires consideration

of traffic impacts and compliance with the applicable traffic budget for all development and redevelopment as defined in the LDR. The District also argues that Applicant's proposed use of the office space at issue constitutes a change in use under the LDR from a "medical office" to "social services." If this Court were to find such a change in use, it could necessitate site plan review and conditional use review under the LDR and potentially put the office space out of compliance with the terms of the location's PUD.[1] Finally, the District points to several safety concerns with Applicant's proposed use of the office space, and it suggests that the LDR grants the DRB the power to review such concerns.

In response to a motion for a stay, we only conduct a preliminary analysis of the merits of the moving party's claims, not a full and complete adjudication of the case. Cf. Petition of Allied Power & Light Co., 132 Vt. 554, 556 (1974) (declining to fully consider all the issues raised on appeal of a Public Service Board order in the context of an interlocutory motion for stay). As the Supreme Court has stated:

> Full consideration of the issue of likelihood to prevail on appeal is apt to generate a full consideration of all the issues raised on appeal . . . . This raises the unfortunate choice of either duplication of full argument of the substance of the appeal or cursory and inadequate presentation of those issues for motion purposes.

Id. Consequently, in the context of a motion for stay, we bring the "likelihood of success on the merits" standard into play as a test only when the movant's appeal "is so tenuous that its invalidity is suggested on the face of the matter, or the [appeal] smacks of bad faith or frivolousness." Id. In this case, the District's appeal is strong enough to survive this threshold test, and we may move on to consider the questions of harm to the District, harm to Applicant, and the public interest.

When analyzing the second factor—whether the moving party will suffer irreparable injury if the stay is denied—we ask if the moving party has "made a case that such injuries are likely and if [the moving party] would have an adequate remedy at law, should the injuries they allege actually occur." Allen Road Land Co., Nos. 62-4-11 Vtec and 63-4-11 Vtec, slip op. at 6. In claiming that it will experience irreparable harm if this Court declines to issue a stay of the DRB's decision below, the District alleges that:

> the traffic and general safety issues stemming from the approval of Applicant's permit give rise to a significant likelihood of physical and emotional injury to the District's 1,400 students in the form of increased traffic risk from both the traffic volume and the increased number of impaired drivers as well as increased exposure to drug use and crime.

(District's Mot. to Stay at 14–15, filed Feb. 19, 2013.) Generally, the harms alleged by the District are physical and emotional injury to students, parents, and staff of the District's schools surrounding the location of the proposed methadone clinic. In many cases, such injuries would be irreparable. In support of its claims, the District cites some evidence, including an affidavit from a forensic toxicologist detailing the effects of drug use and methadone treatment

---

[1] In the alternative, the District contends that Applicant's proposed use of the office space at least constitutes an expansion of use necessitating site plan review under the LDR.

on driving.[2]   Despite this evidence, however, the District has not persuaded this Court that the alleged harms are likely to occur, particularly in light of Applicant's evidentiary offerings in opposition to the District's motion.

In other words, the District has not demonstrated a sufficiently probable link between the interior renovation and operation of the proposed clinic and harm to its students, faculty, and staff.   For example, the District presents credible evidence that methadone patients who do not adhere to their treatment programs or who are adjusting to changed doses are more likely to be impaired drivers.   See (Logan Aff. at ¶¶ 4–10.)   However, the District can then only speculate that Applicant's proposed clinic will generate such impaired drivers and that such drivers may harm students, faculty, and staff at the nearby schools.   Similarly, the District argues that a variety of crimes are more likely to occur near methadone clinics than near other uses of property, and that such crimes may occur if Applicant is permitted to begin operating at the proposed location.[3]

In response to the District's speculations regarding traffic safety, Applicant points to its substantial efforts to properly dose patients, evaluate patients for adverse effects, and test patients for use of other drugs.   See (Brooklyn Aff. at ¶¶ 32–40.)   Regarding safety generally, Applicant offers the affidavit of Thomas J. Donovan, Jr., State's Attorney for Chittenden County, certifying that he is unaware of any serious crimes, within the recent past, occurring at, or serious complaints arising from, either of the two area clinics currently operated by Applicant, one of which is adjacent to the University of Vermont campus (the Chittenden Clinic) and the other which is across from playing fields used by the South Burlington High School (the Twin Oaks Clinic).   Mr. Donovan's affidavit is supported by the affidavit of Dr. John Brooklyn, Medical Director of the Chittenden Clinic.   Dr. Brooklyn affirms that over the ten years Applicant has operated the Chittenden Clinic, Applicant has received no reports of crimes or negative interactions, including drug sales, between methadone treatment patients and UVM students or other students at a nearby specialized school run by the Burlington School District.[4]

---

[2]   In a supplemental memorandum in support of its motion to stay, the District offers additional evidence of the potential for harm caused by the proposed clinic.   See (Supp. Memo. Supporting Mot. to Stay, filed Apr. 1, 2013.)   This evidence consists of an affidavit from a nurse practitioner who formerly worked at a clinic now operated by Applicant and an account of a 2007 incident at one of Applicant's clinics, described in more detail below.   Applicant correctly points out that the District's memorandum was untimely filed.   Nevertheless, we took the late filing into account in issuing this Order.   The District's additional evidence failed to persuade this Court that the harm alleged by the District is likely.

[3]   Although we address safety in our review of the District's motion for stay, we reserve judgment on whether this Court has the jurisdiction to consider safety generally, as opposed to traffic concerns, in the merits of this case.

[4]   Dr. Brooklyn states in his affidavit that over a roughly 22-month period in 2011 and 2012, Fletcher Allen security services, which provides security at the facility used by the Chittenden Clinic, generated nine incident reports related to the clinic.   (Brooklyn Aff. at ¶ 48, filed Feb. 26, 2013.)   According to Dr. Brooklyn, these represented 0.29% of the incident reports generated during this time period for the facility.   Id.   Applicant further acknowledges one incident that occurred at the Chittenden Clinic in 2007, in which a patient was discovered by clinic staff with a handgun.   According to the affidavit of Stacey Sigmon, Director of the Chittenden Clinic, the incident was unique, non-violent, and handled appropriately by Chittenden Clinic staff.   (Sigmon Aff. at ¶¶ 5–8, filed Apr. 4, 2013.)   The patient was immediately discharged from the clinic program. Id. at ¶ 6.

In addition to the convincing nature of Applicant's evidence in opposition to the District's motion, we also note that a determination by this Court not to stay the DRB's decision below does not uphold the DRB's decision. Rather, it allows Applicant, during the pendency of this proceeding, to proceed lawfully under the permit affirmed by the DRB, with the understanding that this Court could ultimately reverse the DRB's determination and deny Applicant its permit. In moving for a stay, the District is obligated to show that its alleged harm is likely to occur during the pendency of the proceeding before this Court, or during the time that a stay of the decision below will be effective. The District has, in particular, offered no evidence that its alleged harms are imminent. Accordingly, we find that the District has failed to demonstrate that the injuries it alleges are likely to occur if this Court does not stay the DRB's decision.

Finally, Applicant has offered persuasive evidence that both it and the general public will likely suffer harm if Applicant is not allowed to proceed with its plans, at its own risk, during the pendency of this appeal. If Applicant is not permitted to proceed under the permit affirmed by the DRB, it will incur substantial financial costs. More importantly, as Applicant has convincingly demonstrated through its supplied affidavits, it would be unable to treat a substantial number of addicted individuals during the pendency of this appeal, which will likely harm those individuals as well as Applicant's operation mission to provide opiate addiction treatment services. Applicant also offers persuasive evidence, particularly the affidavit of Thomas J. Donovan, that the public at large may be harmed if Applicant is delayed in treating patients currently on Applicant's waiting list. Absent a showing of likely harm to students, faculty, and staff at its schools, the District presents no convincing evidence to rebut Applicant's assertions.

Taking into account the four factors discussed above, we find that the equities weigh against granting a stay. Accordingly, we **DENY** the District's motion for a stay of the DRB's decision below.

| | |
|---|---|
| _____ | _____ April 12, 2013 _____ |
| Thomas G. Walsh, Judge | Date |

=====================================================================

Date copies sent: _____                    Clerk's Initials _____
Copies sent to:

Sean M. Toohey and Pietro J. Lynn, Attorneys for Appellant South Burlington School District

Franklin L. Kochman, Attorney for Appellee HowardCenter, Inc.

Joseph S. McLean, Attorney for Interested Person City of South Burlington

Interested Person Jonathan A. Bloom

Interested Person Dorset St. Real Estate Holdings, LLC

Interested Person Valerie Hunt